IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STACY FELDMAN )
) Case No. 1:18-cv-909
Plaintiff, )
)
v. )
)
UNUM LIFE INSURANCE )
COMPANY OF AMERICA and )
UNUM GROUP CORPORATION, )
)
Defendants. )

**COMPLAINT**

Plaintiff, Stacy Feldman ("Mrs. Feldman"), by and through her undersigned counsel brings this action against Defendants, UNUM Life Insurance Company of America ("UNUM") and UNUM Group Corporation ("UNUM Group"), and as for her causes of action, states as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq., and more particularly 29 U.S.C. §1132(a)(l)(B) thereof. This Court has jurisdiction under 29 U.S.C. §1132(f), which grants to the federal court original jurisdiction to determine claims under 29 U.S.C. §§1001 et seq. Mrs. Feldman brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan, and to clarify her rights to benefits under the terms of the plan.

2. Upon information and belief, UNUM is a subsidiary of UNUM Group, incorporated in the State of Maine, based in Portland, Maine, and authorized to do business in the

State of Indiana.

3. Upon information and belief, UNUM Group's legal name is "UNUM Group Corporation" but promotes and advertises itself as UNUM Group.

4. UNUM Group and UNUM are parties to this action and subject to the ERISA laws and regulations as set forth herein.

5. "UNUM" as referenced in many documents, letters, forms and other writings is a registered trademark and marketing brand of UNUM Group and its insurance subsidiaries.

6. UNUM Group is a corporation with its principal place of business in the State of Delaware, authorized to transact and is transacting business in the Southern District of Indiana.

7. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2), in that the defendants UNUM and UNUM Group are authorized to and are doing business within the Southern District of Indiana and "may be found" in the Southern District of Indiana.

8. Mrs. Feldman is now, and at all relevant times was, a citizen and resident of Marion County, Indiana, and a citizen of the United States of America, and in all respects sui juris.

**FACTUAL ALLEGATIONS**

9. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to Mrs. Feldman by UNUM.

10. During the relevant times, Mrs. Feldman was employed by Marvin's Flower Gardens, Inc. ("Marvin's").

11. Mrs. Feldman has been diagnosed and suffers from disabling medical conditions, including but not limited to, dysfunction of the cervical, lumbar and thoracic spine.

12. Mrs. Feldman was at all times material an employee of Marvin's until on or about

August 2, 2014.

13. Mrs. Feldman's actual job duties varied greatly from any job description that UNUM purports to use as a rationale for denying LTD benefits to Mrs. Feldman.

14. Mrs. Feldman was at all times material a plan participant under the Long-Term Disability Plan, Group Policy No. 381307-002 ("LTD Plan") which was established by UNUM who also serves as Plan Administrator and pursuant to which Mrs. Feldman is entitled to Long-Term disability benefits (hereinafter "LTD").

15. UNUM also provided Short-Term disability benefits to Mrs. Feldman under the Short-Term Disability Plan, Group Policy No. 381307-002 from approximately August 1, 2014, through on or about November 2, 2014.

16. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, U.S.C. §1002 and regulated by ERISA.

17. UNUM is the insurer of benefits under the LTD Plan and was appointed the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

18. As the decision maker and payor of plan benefits, UNUM administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, UNUM is not entitled to a deferential standard of review.

19. Pursuant to the terms and conditions of the LTD Plan, Mrs. Feldman is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

20. The LTD Plan states as follows:

"Disability" and 'disabled' mean that because of injury or sickness:

1.   the insured cannot perform each of the material duties of his or her regular occupation; and

2.   after benefits have been paid for 24 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience; or

3.   the insured, while unable to perform all of the material duties of his regular occupation on a full-time basis, is:

   a.  performing at least one of the material duties of his regular occupation or another occupation on a part-time basis or full-time basis; and

   b.  earning currently at least 20% less per month than his indexed pre-disability earnings due to that same injury or sickness.

21.   At all relevant times, Mrs. Feldman has been and is under the regular care of a physician.

22.   Shortly after becoming disabled, Mrs. Feldman made a claim to UNUM under the UNUM Plan for Short-Term disability benefits which UNUM approved and paid through on or about November 2, 2014.

23.   Thereafter, Mrs. Feldman made a claim to UNUM under the UNUM LTD Plan which UNUM approved and paid benefits through November 30, 2016.

24.   Since on or about November 30, 2016, Mrs. Feldman continued to be disabled under the terms of the LTD policy, and UNUM has refused to pay Mrs. Feldman LTD benefits since November 30, 2016.

25.   On November 30, 2016, UNUM notified Mrs. Feldman that her benefits would terminate on November 30, 2016.

26.   On April 21, 2017, Mrs. Feldman properly appealed UNUM's November 30, 2016, termination of benefits.

27.   UNUM denied Mrs. Feldman's appeal on June 30, 2017, and Mrs. Feldman

properly appealed that decision by her letter dated December 12, 2017.

28. By letter dated January 24, 2018, UNUM affirmed its adverse determination and advised Mrs. Feldman that she had exhausted all administrative levels of appeal and no further appeals would be considered and advised her of her rights to sue under the ERISA statutes.

29. At all relevant limes, Mrs. Feldman complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

30. Since on or about August 1, 2014, Mrs. Feldman has been disabled under the terms of the LTD Plan.

31. At all relevant times, UNUM was the “Insurance Company” identified throughout the LTD Plan.

32. At all relevant times, UNUM was appointed the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

33. At all relevant times, Mrs. Feldman has been and remains disabled and entitled to LTD benefits from UNUM under the terms of the LTD Plan.

34. Mrs. Feldman has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney’s fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POST-JUDGMENT INTEREST AND ATTORNEY’S FEES AND COSTS PURSUANT TO 29 U.S.C. §1132(a)(1)(B)**

35. Mrs. Feldman incorporates Paragraphs 1 through 34 as if fully set forth herein.

36. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. § 1132(a)(1)(B).

37. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Mrs. Feldman, as a participant under the

LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

38. Mrs. Feldman has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of UNUM's failure to pay her disability benefits.

39. Mrs. Feldman has exhausted all administrative remedies under the LTD Plan.

40. Defendant UNUM breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Mrs. Feldman at a time when UNUM knew, or should have known, that Mrs. Feldman was entitled to those benefits under the terms of the LTD Plan, as Mrs. Feldman was disabled and unable to work and therefore entitled to benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan, documents, in relation to the applicable facts and LTD Plan provisions, for the termination of Mrs. Feldman's claim for LTD benefits;

(c) After Mrs. Feldman's claim was denied in whole or in part, UNUM failed to adequately describe to Mrs. Feldman any additional material or information necessary for Mrs. Feldman to perfect her claim along with an explanation of why such material is or was necessary; and

(d) UNUM failed to properly and adequately investigate the merits of Mrs. Feldman's disability claim and failed to provide a full and fair review of Mrs. Feldman's claim.

41. Mrs. Feldman believes that UNUM wrongfully terminated her claim for further

disability benefits under the LTD plan by other acts or omissions of which Mrs. Feldman is presently unaware, but which may be discovered in this future litigation and which Mrs. Feldman will immediately make UNUM aware of once said acts or omissions are discovered by Mrs. Feldman.

42. Following the termination of benefits under the LTD Plan, Mrs. Feldman exhausted all administrative remedies required under ERISA, and Mrs. Feldman has performed all duties and obligations on her part to be performed under the LTD Plan.

43. As a proximate result of the aforementioned wrongful conduct of UNUM, Mrs. Feldman has damages for loss of disability benefits in a total sum to be shown at the time of trial.

44. As a further direct and proximate result of this improper determination regarding Mrs. Feldman's claim for benefits, Mrs. Feldman, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C, §1132(g)(l), Mrs. Feldman is entitled to have such fees and costs paid by UNUM.

45. The wrongful conduct of UNUM has created uncertainty where none should exist, and therefore, Mrs. Feldman is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Stacy Feldman, prays for relief against Defendants, UNUM Life Insurance Company of America and UNUM Group Corporation, as follows;

1. Payment of disability benefits due Mrs. Feldman;

2. An Order declaring that Mrs. Feldman is entitled to immediate reinstatement to the

LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Mrs. Feldman remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, AN ORDER REMANDING Mrs. Feldman's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. §1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

**REQUEST FOR JURY TRIAL**

Mrs. Feldman demands trial by jury.

Respectfully submitted,

*/s/ John J. Morse*
John J. Morse

*Counsel for Plaintiff, Stacy Feldman*

MORSE & BICKEL, P.C.
320 N. Meridian Street
Suite 600
Indianapolis, IN 46204
Phone: (317) 686-1540
Fax: (317) 686-1541
Morse@MorseBickel.com